**Matthew KRASHNA and Tamara D. Krashna, His Wife, Appellants,**

v.

**OLIVER REALTY, INC., Grant Building Inc., a/k/a Grant Building and Susan L. Niedbala.**

No. 89–3282.

United States Court of Appeals, Third Circuit.

Argued Sept. 26, 1989.

Decided Feb. 2, 1990.

---

112

Joseph J. Hinchliffe (argued), Tarasi & Johnson, P.C., Pittsburgh, Pa., for appellants.

Mark R. Hornak (argued), Buchanan Ingersoll, Professional Corp., Pittsburgh, Pa., for Oliver Realty, Inc. and Susan Niedbala.

Before HIGGINBOTHAM, Chief Judge *, STAPLETON and SCIRICA, Circuit Judges.

## OPINION OF THE COURT

SCIRICA, Circuit Judge.

The issue presented by this appeal, in an action removed to federal court, is whether federal law (§ 301 of the Labor Management Relations Act) completely preempts a state law claim for interference with the right to benefits under The Pennsylvania Workmen's Compensation Act. Because we do not find complete preemption, we find the district court lacked removal jurisdiction. We will reverse the grant of summary judgment and remand to the district court with instructions to remand to the state court.

### I.

Matthew Krashna was employed by Oliver Realty as a garage attendant at the Grant Building in Pittsburgh from July 14, 1976, to April 25, 1985. The terms of his employment were governed by a collective bargaining agreement, which permitted the employer to discharge an employee for just cause.

On July 12, 1983, Krashna allegedly suffered carbon monoxide poisoning from his work. Thereafter, he claims, resultant doctor's appointments caused him to miss

---

* The Honorable A. Leon Higginbotham, Jr., be- came Chief Judge on January 16, 1990.

work periodically. Eventually, Krashna filed for benefits under The Pennsylvania Workmen's Compensation Act. On April 24, 1985, the Pennsylvania Bureau of Workmen's Compensation conducted a hearing. The following day, Krashna was fired by Susan Niedbala, who supervised him as Oliver Realty's Building Manager. Krashna contends he was harassed and discharged for filing the worker's compensation claim. Defendants maintain Krashna was terminated for insubordination and absenteeism.

On April 15, 1987, Krashna commenced this action in the Court of Common Pleas of Allegheny County. The complaint alleges: 1) wrongful discharge and interference with a statutory right to benefits under The Pennsylvania Workmen's Compensation Act; 2) intentional infliction of emotional distress; and 3) tortious interference with contract. Krashna's wife asserts a derivative loss of consortium claim.[1]

Before filing an answer, defendants filed a timely notice of removal in the United States District Court for the Western District of Pennsylvania, asserting that the non-derivative state claims were completely preempted by § 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185 (1982). After Krashna filed a motion to remand, defendants sought summary judgment, which was granted by the district court in favor of all defendants on all claims.[2] This appeal followed.

We have jurisdiction under 28 U.S.C. § 1291 (1982). Our review is plenary.

## II.

Removal of civil actions from state to federal court is governed by 28 U.S.C.A. § 1441 (West 1973 & Supp.1989). Section 1441(a) provides in part:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the

district courts of the United States have original jurisdiction, may be removed by the ... defendants[ ] to the district court of the United States for the district and division embracing the place where such action is pending.

Because there is no diversity of citizenship between the parties, original jurisdiction must rest on a federal question. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318 (1987).

Under the federal question statute, the district courts have original jurisdiction of all civil actions "arising under the ... laws ... of the United States." 28 U.S.C. § 1331 (1982). As we have stated, "In order for a case to be removable under § 1441 and § 1331, the well-pleaded complaint rule requires the federal question be presented on the face of the plaintiff's properly pleaded complaint." *Railway Labor Executives Ass'n v. Pittsburgh & L.E. R.R.*, 858 F.2d 936, 939 (3d Cir.1988) (citation omitted); *see Caterpillar*, 482 U.S. at 392, 107 S.Ct. at 2429. "The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Id.* It follows that an action may not be removed on the basis of a federal defense, even ordinary preemption. *Id.* at 393, 107 S.Ct. at 2430; *see Railway Labor*, 858 F.2d at 941–42.

Nonetheless, under an exception to the well-pleaded complaint rule known as the complete preemption doctrine, the preemptive force of a statute can be "so 'extraordinary' that it 'converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" *Caterpillar*, 482 U.S. at 393, 107 S.Ct. at 243 (quoting *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 65, 107 S.Ct. 1542, 1547, 95 L.Ed.2d 55 (1987)). "The complete preemption doctrine holds that 'Congress may so completely preempt a particular area, that any civil complaint raising this select group

---

1. When the complaint was filed, the worker's compensation claim remained unresolved.

2. Krashna also named a third party, Grant Building, Inc., in his complaint. In their petition for removal and in their answer, defendants demonstrated that Grant Building, Inc. no

longer exists. Although the order from which Krashna appeals granted summary judgment "in favor of all defendants on all claims", Krashna does not contest the order with respect to Grant Building, Inc.

of claims is necessarily federal in character.'" *Railway Labor,* 858 F.2d at 939 (quoting *Metropolitan Life,* 481 U.S. at 63–64, 107 S.Ct. at 1547). For the purposes of removal, "[o]nce an area of state law has been completely preempted, any claim purportedly based on that preempted state law is considered, from its inception, a federal claim, and therefore arises under federal law." *Caterpillar,* 482 U.S. at 393, 107 S.Ct. at 2430; *see Railway Labor,* 858 F.2d at 939.[3]

We have recently identified two factors that are necessary for "a federal court in a case removed from a state court ... to recharacterize what purports to be a state law claim as a claim arising under a federal statute." *Railway Labor,* 858 F.2d at 942. First, "the statute relied upon by the defendant as preemptive [must] contain[ ] civil enforcement provisions within the scope of which the plaintiff's state claim falls." *Id.; see Aaron v. National Union Fire Ins. Co.,* 876 F.2d 1157, 1165 (5th Cir.1989). The federal statute must subsume the interest vindicated by the state law, not the remedy provided. *Railway Labor,* 858 F.2d at 942 & n. 2; *see Allstate Ins. Co. v. 65 Sec. Plan,* 879 F.2d 90, 93 (3d Cir.1989). Second, there must be "a clear indication of a Congressional intention to permit removal despite the plaintiff's exclusive reliance on state law." *Railway Labor,* 858 F.2d at 942; *see Allstate,* 879 F.2d at 93; *see also Aaron,* 876 F.2d at 1165.

## A.

■ Because Krashna's complaint relies solely on state law, the well-pleaded complaint rule would ordinarily bar removal of this action. As we have noted, however, removal is proper if § 301 of the LMRA completely preempts Krashna's state law claims. Krashna's claims of intentional infliction of emotional distress and tortious interference with contract are clearly outside the scope of the collective bargaining agreement and § 301 of the LMRA. The question remains whether the claim of wrongful discharge and interference with a statutory right to benefits under the state worker's compensation law is completely preempted.

Our analysis begins with consideration of the scope of § 301 with respect to the state law claim. *Railway Labor,* 858 F.2d at 942. The LMRA's civil enforcement provision grants a broad right of action: "Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce ... may be brought in any district court of the United States having jurisdiction of the parties...." 29 U.S.C. § 185(a) (1982).

Complete preemption under § 301 was first outlined in *Avco Corp. v. Machinists,* 390 U.S. 557, 88 S.Ct. 1235, 20 L.Ed.2d 126 (1968). In *Avco,* an employer brought an action in state court to enjoin a union from striking in violation of a collective bargaining agreement. After a preliminary injunction was granted, the union removed the action to federal court where the injunction was dissolved. In affirming the removal, the Court held that "the preemptive force

---

**3.** Complete preemption differs from ordinary preemption. *Railway Labor Executives Ass'n v. Pittsburgh & L.E.R.R.,* 858 F.2d 936, 941 (3d Cir.1988) (quoting *Caterpillar Inc. v. Williams,* 482 U.S. 386, 398, 107 S.Ct. 2425, 2433, 96 L.Ed.2d 318 (1987) (" 'The fact that a defendant might ultimately prove that a plaintiff's claims are preempted under the NLRA does not establish that they are removable to federal court.' ")). Ordinary preemption governs what substantive law—federal or state—ought to control a claim styled under state law. Whether federal law preempts a certain state claim is a question of Congressional intent. *Allis–Chalmers Corp. v. Lueck,* 471 U.S. 202, 208, 105 S.Ct. 1904, 1909, 85 L.Ed.2d 206 (1985). If Congress intended federal law to preempt the state law claim, then the court (federal or state) must dismiss it under the principles of ordinary preemption. *Id.* at 220, 105 S.Ct. at 1915.

The Supreme Court's most recent case involving § 301 and ordinary preemption is *Lingle v. Norge Div. of Magic Chef, Inc.,* 486 U.S. 399, 108 S.Ct. 1877, 100 L.Ed.2d 410 (1988). In *Lingle,* a union employee brought a state court action asserting she had been discharged for filing a worker's compensation claim in violation of Illinois law. The employer removed the action on the basis of diversity of citizenship and then moved for dismissal under the principles of ordinary preemption. The Court refused to find preemption of the Illinois law by § 301. *Id.* 108 S.Ct. at 1882.

of § 301 is so powerful as to displace entirely any state cause of action 'for violation of contracts between an employer and a labor organization.' " *Franchise Tax Bd. v. Construction Laborers Vacation Trust,* 463 U.S. 1, 23, 103 S.Ct. 2841, 2853, 77 L.Ed.2d 420 (1983) (footnote omitted).

Although the complaint here fails to state an LMRA claim on its face, that is not dispositive. The issue turns on whether the state claim is properly viewed as one for wrongful discharge or for interference with the right to benefits under The Pennsylvania Workmen's Compensation Act.

If viewed as a wrongful discharge claim, we believe the state claim in this case would be completely preempted. First, the claim would be encompassed by the LMRA enforcement provision. As noted, the terms of Krashna's employment were governed by a collective bargaining agreement that permitted termination for just cause. Wrongful discharge, as averred in this complaint, would violate § 301 of the LMRA. In addition, there has been no challenge to personal jurisdiction or the requirement of "affecting commerce".[4] Second, the Supreme Court has determined that Congress intended to permit removal of claims subsumed within § 301 despite their exclusive reliance on state law. *See Avco,* 390 U.S. at 559–62, 88 S.Ct. at 1236–38.

Nonetheless, we do not believe this action can properly be viewed as a claim of wrongful discharge because its essence is a course of conduct interfering with Krashna's right to benefits under The Pennsylvania Workmen's Compensation Act. Krashna's complaint alleges that his unlawful treatment began after he filed for worker's compensation benefits. The discharge, even if wrongful, merely culminated the illegal course of conduct. Krashna avers that his filing precipitated a multifaceted course of harassment.[5] After the worker's compensation hearing, he alleges that Susan Niedbala angrily confronted him and accused him of malingering (¶ 13). Finally, and most importantly, Krashna was discharged, allegedly in retaliation for his filing.[6] We also note that Krashna styled his claim "Wrongful Discharge and Interference with a Statutory Right" rather than simply "Wrongful Discharge".

Because the conduct complained of concerns much that preceded the discharge and because Krashna expressly sought vindication of interests independent of those embodied in the collective bargaining agreement, we believe that his state claim exceeds the scope of his rights under the LMRA.[7] Accordingly, § 301 of the LMRA does not completely preempt this state claim.

### III.

We hold that the district court lacks removal jurisdiction of this action and that the action should be remanded to state court. We will reverse the order of the

---

4. Oliver Realty is a Delaware corporation with its principal place of business in Pennsylvania.

5. Krashna's averments on this point, in paragraph 11 of the complaint, are extensive:

Following Plaintiff, Matthew Krashna's filing a claim for Worker's Compensation, the corporate Defendants through their agents, employees and/or servants began to harass Plaintiff, Matthew Krashna, because he had filed a Worker's Compensation:

A. by requiring Plaintiff, Matthew Krashna, to perform work duties contrary to his doctor's instructions;

B. by requiring Plaintiff, Matthew Krashna, to perform work duties in excess of those mandated by his contract of employment and contrary to company work rules;

C. by warning Plaintiff, Matthew Krashna, of excessive absenteeism and/or tardiness when in fact his absenteeism or tardiness was due to his work-related injury;

D. by increasing the amount of work assigned to Plaintiff to do;

E. by impugning Plaintiff orally; and

F. by taking other acts to harass and annoy Plaintiff.

6. In paragraph 14 of the complaint, Krashna avers that he was discharged "purportedly for insubordination, absenteeism and tardiness, but actually in retaliation for his filing a Worker's Compensation claim and the pursuit of his other rights."

7. We need not consider the viability of this state claim nor whether ordinary preemption operates against it. These are matters for the state court.

district court and remand to that court with instructions that it remand the action to the state court from which it was removed.

Each side to bear its own costs.