Steven **EDELMAN**, Plaintiff,

v.

David **PAGE**, et al., Defendants.

No. 3:06CV01366(DJS).

United States District Court, D. Connecticut.

Jan. 31, 2008.

Steven Edelman, Windham Center, CT, pro se.

Elliot B. Spector, Noble, Spector, Young & O'Connor, Dana B. Lee, Jon S. Berk, Gordon, Muir & Foley, Matthew B. Beizer, Attorney General's Office, Hartford, CT, for Defendants.

## MEMORANDUM OF DECISION AND ORDER

DOMINIC J. SQUATRITO, District Judge.

The Plaintiff, Steven Edelman ("the Plaintiff") brings this action against David Page ("Page"), Donald Schultz, Walter Pawelkiewicz, Lonnie Braxton, Keith Currier, Reno Barbeau, Mark Solak, Richard Cody, Jason Westcott, Francis Foley, Donald Aitken, William Bundy, James Powers, Henry Lee, Arthur Spada, George Luther, Christopher Laux, Janet Ainsworth, Dawn Carnese, Christopher Arciero, Leo Belval, Louis Free, Michael Macri, Marjorie Shansky, Philip Burton, John Butkus, James Doherty, Robert Hanbury, Donald Harwood, Daniel Herzig, Thomas Hunter, Debbie Sampson, Laurence Ford, John Vendetta, Lawrence Tryon, Robert Musheno, Glenn Neilson, John Lescos, and Michael Paulhus ("the Defendants"), alleging: (1) violations of his rights under the First, Fourth, Eighth, and Fourteenth Amendments to the U.S. Constitution; (2) conspiracy to deprive him of his rights, in violation of 42 U.S.C. § 1985; (3) trespass; (4) intentional and negligent infliction of emotional distress; (5) libel, slander, and defamation; (6) witness tampering; (7) abuse of process; (8) interference with a contract; (9) breach of contract; and (10) actual and constructive fraud.

The Plaintiff's complaint, dated July 28, 2006, was filed in the Connecticut Superior Court, Judicial District of Windham at Putnam. In that complaint, the Plaintiff recites facts that are essentially identical to the facts alleged in the complaints of two prior cases that were filed in the U.S. District Court for the District of Connecticut and assigned to the undersigned.[1] On September 1, 2006, Page filed a notice of removal to this court, and this case was assigned to the Honorable Janet Bond Arterton. On September 6, 2006, Page moved that this case be transferred to the undersigned because of the similarities between this action and the prior actions filed by the Plaintiff. On September 22, 2006, Judge Arterton granted the motion, and this case was transferred to the undersigned.

Now pending before the court are the following: (1) a motion to stay (dkt. # 10) by the Plaintiff; (2) four motions to dismiss (dkt. # s 15, 19, 29 & 33) by the Defendants; (3) a motion to remand (dkt. # 22) by the Plaintiff; and (4) a petition for an interlocutory appeal certification (dkt. # 32) by the Plaintiff. Although the motion for remand was not the first of these motions to be filed, the court must nevertheless rule on that motion first because the issues raised therein concern whether this case is properly before the court. Upon reviewing the relevant case law, the court is forced to agree with the Plaintiff that remand to the Connecticut Superior Court is required. For the reasons below, the Plaintiff's motion to remand (**dkt. # 22**) is **GRANTED**.

 Section 1441(a) of Title 28 of the United States Code provides that "any civil action brought in state court of which the district courts of the United States have original jurisdiction, may be removed

---

**1.** The first case, *Edelman v. Page et al.*, 3:00cv01166(DJS), is currently on appeal. The second case, *Edelman v. Braxton et al.*, 3:01cv01087(DJS), also was appealed, but the Second Circuit denied it, stating that the Plaintiff had failed to show that his appeal had merit.

... to the district court." 28 U.S.C. § 1441(a). "In light of the congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of state governments, federal courts construe the removal statute narrowly, resolving any doubts against removability." *Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 274 (2d Cir.1994). "At all times the party asserting jurisdiction bears the burden of proof that jurisdictional and procedural requirements have been met." *Burr ex rel. Burr v. Toyota Motor Credit Co.*, 478 F.Supp.2d 432, 436 (S.D.N.Y.2006) (citing *Mehlenbacher v. Akzo Nobel Salt, Inc.*, 216 F.3d 291, 296 (2d Cir.2000)).

■ Section 1446(a) of Title 28, which controls the procedure for removal, reads as follows:

> A defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

28 U.S.C. § 1446(a). A defendant who is served with a pleading that meets these criteria must file its notice for removal within thirty days. 28 U.S.C. § 1446(b). "Defects in removal procedure, including lack of timeliness, are not jurisdictional. However, 'the statutory time limit is mandatory ... [and] absent a finding of waiver or estoppel, federal courts rigorously enforce the statute's thirty-day filing requirement." *Burr*, 478 F.Supp.2d at 437 (quoting *Somlyo v. J. Lu–Rob Enters., Inc.*, 932 F.2d 1043, 1046 (2d Cir.1991)).

The Plaintiff challenges the removal to this court on the ground that not all the Defendants joined the petition for removal. According the Plaintiff, only Page asked that this case be removed. The Defendants jointly oppose remand, arguing that in August 2006 they had unanimously agreed that this case should be removed to federal court. According to the Defendants, any defect in the removal process was an "oversight," and they have submitted affidavits and emails to demonstrate that all the Defendants consented to, and planned for, the removal of this case. In addition, the Defendants argue that the parties had agreed that Page's attorney would file the notice of removal on behalf of all the Defendants, not Page only. Although remanding this case constitutes a waste of the State of Connecticut's judicial resources, and although it makes the most sense for this court to adjudicate the issues here, the court, upon review of the case law on this subject, must remand this case.

■ "Where there are multiple defendants, all named defendants over whom the state court acquired jurisdiction must join in the removal petition for removal to be proper." *Id.* "This rule of unanimity is 'strictly interpreted and enforced.'" *Id.* (quoting *Russell Corp. v. Am. Home Assurance Co.*, 264 F.3d 1040, 1049 (11th Cir.2001)). "While courts generally do not require all defendants to sign the removal petition itself, most courts have required some form of unambiguous written evidence of consent to the court in timely fashion." *Id.* (internal quotation marks omitted). "It is insufficient for a defendant who has not signed the removal petition to merely advise the removing defendant that it consents to removal and that the removing defendant may represent such consent to the Court on its behalf." *Id.* (internal quotation marks omitted).

■ "Failure of any defendant to provide its written consent within the applicable thirty-day period renders the petition for removal untimely." *Id.* (citing *Getty Oil Corp., Div. of Texaco, Inc. v. Ins. Co. of N. Am.,* 841 F.2d 1254, 1261–62 (5th Cir.1988)). Nevertheless, as has been noted by courts in this Circuit,

> [t]he unanimity rule is subject to three pivotal exceptions.... [A] party asserting proper removal may raise an exception to the unanimity rule when: (1) the non-joining defendants have not been served with service of process at the time the removal petition is filed; (2) the non-joining defendants are merely nominal or formal parties; [or] (3) the removed claim is a separate and independent claim as defined by 28 U.S.C. § 1441(c).

*Snakepit Auto., Inc. v. Superperformance Int'l, LLC,* 489 F.Supp.2d 196, 201–02 (E.D.N.Y.2007) (internal quotation marks and citations omitted). Still, the rule of unanimity applies regardless of whether federal subject matter jurisdiction is based on diversity or federal question. *See Ell v. S.E.T. Landscape Design, Inc.,* 34 F.Supp.2d 188, 194 (S.D.N.Y.1999).

■ The Plaintiff asserts that the complaint was served on all the Defendants on August 7, 2006. The Defendants, in their opposition memorandum, do not dispute this. Page filed the notice of removal on September 1, 2006, which was within the thirty-day time period set forth by 28 U.S.C. § 1446(b). The Plaintiff subsequently filed a timely motion to remand on September 28, 2006. *See* 28 U.S.C. § 1447(c) ("A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a).").

The Defendants do not argue that any of the three "pivotal exceptions" to the unanimity rule apply here. Rather, the De-fendants contend that, because it is "indisputable" that all the Defendants consented to removal, remand is unwarranted. As the court noted above, though, the Defendants' mere consent is insufficient to remove a case under 28 U.S.C. § 1446. Instead, the Defendants must have filed written consent within the applicable thirty-day period for the removal to be proper. They did not do so here. For example, the appearances entered by the Defendants' attorneys make no mention of whether they consented to the removal; thus, they do not constitute "unambiguous written evidence of consent."

From what the court can discern, there was only one document filed by a Defendant (other than Page) that mentioned the removal issue before the Plaintiff submitted his motion to remand. In the opposition to the Plaintiff's motion to stay (dkt. # 14), certain Defendants stated that "removal of the recently served state court action should be ordered forthwith." (*Id.*) This opposition could be construed as written evidence of the consent of those particular Defendants. The opposition was not, however, submitted on behalf of all the Defendants in this case. Moreover, if the complaint was served on all the Defendants on August 7, 2006, the opposition, which was filed on September 13, 2006, is untimely as a petition for removal under 28 U.S.C. § 1446. Thus, even if all the Defendants had joined this opposition and stated unambiguously that they consented to the removal of this action (which they did not do), such notice would still fail to be sufficient under 28 U.S.C. § 1446 for its lack of timeliness.

The court further points out that the two cases to which the Defendants cite in support of their argument, *Collins v. Baxter Healthcare Corp.,* 949 F.Supp. 1143 (D.N.J.1996), and *Sicinski v. Reliance Funding Corp.,* 461 F.Supp. 649 (S.D.N.Y.

1978), have little relevance or effectiveness here. In *Collins,* the Honorable Joseph H. Rodriguez recounted the removal proceeding as follows:

> [D]efendant Baxter's notice of removal named counsel for each of the other defendants. The notice asserted that all of the defendants had given their "express authorization" to "represent herein" their "consent[ing] to and join[ing] in the removal of this action," and that each had been "served with the Summons and Complaint." Only counsel for Baxter signed the notice of removal, however, because "consent" was obtained by telephone in order to "effectuate the timely removal of this action."

*Collins,* 949 F.Supp. at 1146. Judge Rodriguez went on to note that "each defendant ha[d] filed a certification with the court asserting that it affirmatively consented to the notice of removal, and each has joined the opposition to the plaintiffs' motions to remand." *Id.* Judge Rodriguez then stated that "[a]s such, even if the bare assertions of consent were less than adequate, defendants' late assurances that they did, in fact, consent to be joined in the removal will be accepted by the court." *Id.*

In *Sicinski,* the removal petition was signed by one defendant only, but it represented that the other defendant had consented to removal. *Sicinski,* 461 F.Supp. at 652. The other defendant subsequently filed an affidavit consenting to removal. *Id.* Thus, the Honorable Milton Pollack concluded that this affidavit would "be received and held to cure any defect in the original petition. The substantive requirement that the defendants be unanimous in their choice of a federal forum was shown by the original petition to be satisfied." *Id.*

To begin with, the Judge Pollack's removal analysis in *Sicinski* has been called into question by a number of courts. *See*

*Bailey v. Boston Scientific Corp.,* No. 07-CV-2949 (SLT)(VVP), 2007 WL 4180798, at *4 (E.D.N.Y. Nov. 20, 2007) ("Reliance on *Sicinski* ... is problematic because, in doing so, the Court would fail to acknowledge principles associated with removal. Namely, the removal statute does not invest courts with the discretion to overlook or excuse a failure to meet the removal statute's requirements."); *Sansone v. Morton Mach. Works, Inc.,* 188 F.Supp.2d 182, 185 (D.R.I.2002) ("[T]o the extent that *Sicinski* suggests that it is sufficient for one defendant to represent that all defendants have consented to removal, *Sicinski* is contrary to the overwhelming weight of authority requiring that each defendant independently notify the court of its consent."); *Town of Moreau v. State Dept. of Environmental Conservation,* No. 96-CV-983, 1997 WL 243258, at *6 n. 31 (N.D.N.Y. May 5, 1997) ("Given the development of the case law since *Sicinski* ... Judge Pollack's observation no longer carries much weight. Moreover, there is ample case support for the view that amendments to removal notices to remedy substantive defects, which arguably is what occurred in *Sicinski,* also must be accomplished within thirty days after the first defendant receives the initial state court pleading.... Thus, this court has serious reservations as to the continuing vitality of *Sicinski,* and declines to follow it."); *Moody v. Commercial Ins. Co. of Newark, N.J.,* 753 F.Supp. 198, 202 (N.D.Tex.1990) ("*Sicinski* cites absolutely no authority for granting a defendant permission to supplement the notice of removal to cure such a defect in the original removal petition. Nor does the case mention the formal requirements for consent of co-defendants to joinder in the removal action ...."); *see also Beard v. Lehman Bros. Holdings, Inc.,* 458 F.Supp.2d 1314, 1322 (M.D.Ala.2006); *Anne Arundel County, Md. v. United Pac. Ins. Co.,* 905 F.Supp. 277, 279 (D.Md.1995).

Presumably, the same courts would have similar reservations about following Judge Rodriguez's removal analysis in *Collins. Cf. Town of Moreau*, 1997 WL 243258, at *6 n. 31.

Moreover, even if the removal analyses in *Sicinski* and *Collins* were valid, the background of the removals in those cases differs from the removal here. In both *Sicinski* and *Collins*, the removal notices, although signed by only one defendant, represented that all of the defendants had given their consent for removal, and that they authorized the one defendant to make such a representation to the court. This is not the situation here. In this case, the notice of removal was filed by Page only. The notice, after representing that Page was served with the complaint, concludes as follows: "WHEREFORE, petitioner prays that the above action now pending against him in the Superior Court ... be removed to this Court." (Dkt. # 1.) The notice does not mention any of the other defendants at all, let alone indicate that they consented to removing this action to federal court. Thus, the Defendants' reliance on *Sicinski* and *Collins* is misplaced.[2]

The Defendants have also submitted emails demonstrating that, within the thirty-day time period set forth by 28 U.S.C. § 1446(b), their attorneys had contacted each other and agreed to remove this case to federal court. The court does not doubt that the different attorneys representing the Defendants did, in fact, agree to remove this case to federal court, and the court altogether rejects the Plaintiff's assertion that "[k]nowledge of past Defendant conduct makes the genuineness of the e-mails subject to doubt." (Dkt. # 28.)

Regardless of what the Plaintiff may think about the Defendants themselves, there is no indication that the Defendants' attorneys have acted in a way that is other than completely professional.

Nevertheless, these emails are insufficient to support the Defendants' position. "The majority of courts interpret 'consent' to mean that each defendant must submit written consent unambiguously agreeing to removal." *Payne v. Overhead Door Corp.*, 172 F.Supp.2d 475, 477 (S.D.N.Y.2001). These emails were directed only to the Defendants' attorneys, not to the court, and they were not filed with the court until the Defendants objected to the Plaintiff's motion to remand. It has been held that "consent communicated among the defendants is insufficient; each defendant must notify the Court of its consent prior to the expiration of the thirty-day period for the removal petition to be timely." *Berrios*, 1999 WL 92269, at *2.

The court can find no basis upon which it may exempt the Defendants from the rule of unanimity. As noted above, the court must construe the removal statute narrowly, resolving any doubts against removability, *see Lupo*, 28 F.3d at 274, and a removed case must be remanded unless all defendants join the removal petition, *see Zerafa v. Montefiore Hosp. Housing Co., Inc.*, 403 F.Supp.2d 320, 328 (S.D.N.Y. 2005). The court reiterates that, given the background of this case, and in light of the fact that the Plaintiff's complaint raises issues that are essentially identical to the issues raised in two prior complaints before the undersigned, the parties and the judiciary of the State of Connecticut would

---

**2.** It has been noted that "[s]ome courts have held simply that the parties must inform the Court of each of the defendants' consent prior to the expiration of the thirty day period." *Berrios v. Our Lady of Mercy Medical Center*, No. 99 Civ. 21(DLC), 1999 WL 92269, at *2 n. 1 (S.D.N.Y. Feb. 19, 1999) (collecting cases).

This more lenient approach to removal petitions, which is not the majority approach, *see id.*, still does not help the Defendants because there was no representation made to the court prior to the expiration of the statutory time period that each Defendant consented to removal.

be best served if there were no remand. A remand here will require the parties to basically start over with the case (e.g., they will have to file their motions anew, rearguing points that they have already made to this court). A remand will also require judges of the Superior Court to become acquainted with a case with which this court is already familiar. Almost certainly, a remand will delay the outcome of the case, whatever it may be. In short, the court would prefer that this case not be remanded; however, based on the law, the court finds that it has no alternative but to remand it. Consequently, the Plaintiff's motion to remand (**dkt. # 22**) is **GRANTED.**

### CONCLUSION

For the foregoing reasons, the Plaintiff's motion to remand (**dkt. # 22**) is **GRANTED.** This case shall be remanded forthwith to the Connecticut Superior Court, Judicial District of Windham at Putnam. The Clerk of the Court shall close this file.