Brett STRONG; Lauri Strong, Plaintiffs–Appellants,

v.

TELECTRONICS PACING SYSTEMS, INC.; Thomas S. Martin, Defendants–Appellees.

No. 94–2213.

United States Court of Appeals, Sixth Circuit.

Argued Feb. 5, 1996.

Decided March 15, 1996.

Rehearing and Suggestion for Rehearing En Banc Denied April 18, 1996.*

---

* Judge Suhrheinrich would grant rehearing for the reasons stated in his dissent.

Daniel C. Brown (argued), Chambers & Steiner, Kalamazoo, MI, Angela J. Nicita (briefed), Chambers, Steiner, Mazur, Ornstein & Amlin, Detroit, MI, for plaintiffs-appellants.

Robert D. VanderLaan, Schenk & Boncher, Grand Rapids, MI, Gary E. Mitchell, Miller, Canfield, Paddock & Stone, Grand Rapids, MI, Michael J. Weber, James A. Gale (argued and briefed), Feldman, Gale & Weber, Miami, FL, for defendants-appellees.

Before: KENNEDY and SUHRHEINRICH, Circuit Judges, and GILMORE, District Judge.**

KENNEDY, J., delivered the opinion of the court, in which GILMORE, District Judge, joined. SUHRHEINRICH, J. (p. 261), delivered a separate dissenting opinion.

KENNEDY, Circuit Judge.

Plaintiffs appeal a decision of the District Court denying their motion to remand a claim of negligent manufacture of a heart pacemaker to state court and dismissing the claim as preempted by federal law. For the following reasons we REVERSE.

** The Honorable Horace W. Gilmore, United States District Judge for the Eastern District of

## I.

On December 10, 1993, plaintiffs Brett and Lauri Strong, filed a four count complaint in Kent County Circuit Court (Michigan) seeking damages resulting from the malfunctioning of a pacemaker, manufactured by defendant, that had been implanted in the chest of Brett Strong. The complaint alleged that: (1) defendant Telectronics Pacing negligently manufactured the pacemaker; (2) defendant Thomas Martin negligently misevaluated the pacemaker and failed to determine that it was malfunctioning; (3) defendant Martin negligently misrepresented that the pacemaker was functioning properly; and (4) plaintiff Lauri Strong suffered a loss of consortium because of the defendants' actions.

On January 5, 1994, defendants removed this action to the United States District Court for the Western District of Michigan on the alternative grounds that (1) there was federal question jurisdiction under 28 U.S.C. § 1331 because the Medical Device Amendments to the Food, Drug and Cosmetics Act ("MDA"), 21 U.S.C. § 360, preempted plaintiffs' action; and (2) there was diversity jurisdiction under 28 U.S.C. § 1332 (based on a theory of fraudulent joinder of defendant Martin). The District Court assumed jurisdiction over the case.

Soon thereafter, defendants filed a motion to dismiss or for summary judgment. Plaintiffs opposed this motion and also filed a timely motion to remand the case to state court. On April 25, 1994, the District Court heard oral argument on both motions.

On September 22, 1994, the District Court issued its opinion and order deciding the two motions. It denied plaintiffs' motion to remand on the basis that the MDA preempted count I of the complaint and, therefore, the complaint presented a question of federal law over which the District Court had jurisdiction under 28 U.S.C. § 1331. With respect to count I only, the District Court granted defendant Telectronics' motion to dismiss on the basis that the MDA, 21 U.S.C. § 360k(a), expressly preempts the negligent manufacture claim. The District Court then denied

Michigan, sitting by designation.

defendant Martin's motion for summary judgment, finding that it was premature given the lack of discovery. Finally, noting that the dismissal of count I extinguished federal jurisdiction, the District Court declined to exercise supplemental jurisdiction over the remaining state law counts and ordered that they be remanded to the Kent County Circuit Court.

## II.

On appeal, plaintiffs argue that the District Court erred in denying their motion to remand because the preemptive scope of the MDA is insufficient to create federal question jurisdiction under the "complete preemption" exception to the "well-pleaded complaint rule." Further, plaintiffs claim that the District Court erred in dismissing their negligent manufacture claim because it is not preempted by the MDA.

Defendants argue that there is federal question jurisdiction under the complete preemption exception to the well-pleaded complaint rule because the MDA both preempts state law and provides exclusive federal remedies for violations of the Act. Defendants also claim that the District Court correctly held that the MDA preempted plaintiffs' state law negligent manufacture claim.

We conclude that removal was improper and reverse the District Court's denial of plaintiffs' motion to remand.

## III.

■ We review the denial of a motion to remand *de novo, Her Majesty the Queen in Right of the Province of Ontario v. City of Detroit,* 874 F.2d 332, 338 (6th Cir.1989), and examine the case solely to determine "whether the case was properly removed to federal court in the first place." *Fakouri v. Pizza Hut of America, Inc.,* 824 F.2d 470, 472 (6th Cir.1987).

■ Ordinarily, a defendant may remove a state court case to federal court only if it could have been brought there in the first place; that is, if the federal court would have original jurisdiction over the case. 28 U.S.C. § 1441(a). Here, because the District Court did not decide whether there was diversity jurisdiction under defendants' fraudulent joinder theory, the only question is whether there is federal question jurisdiction under 28 U.S.C. § 1331.

■ This inquiry is guided by the well-pleaded complaint rule, which states that "federal jurisdiction exists only when a federal question is presented on the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams,* 482 U.S. 386, 392, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318 (1987). Further, "[f]ederal pre-emption is ordinarily a federal defense to the plaintiff's suit. As a defense, it does not appear on the face of a well pleaded complaint, and, therefore, does not authorize removal to federal court." *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 63, 107 S.Ct. 1542, 1546, 95 L.Ed.2d 55 (1987) (citation omitted).

■ A corollary of the well-pleaded complaint rule, the "complete preemption" doctrine, holds that when Congress intends the preemptive force of a statute to be so extraordinary that it completely preempts an area of state law, "any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law." *Caterpillar Inc.,* 482 U.S. at 393, 107 S.Ct. at 2430. Currently, the Supreme Court has found only two federal statutes to have this broad preemptive scope: § 301 of the Labor Management Relations Act, *Avco v. Aero Lodge No. 735,* 390 U.S. 557, 88 S.Ct. 1235, 20 L.Ed.2d 126 (1968), and § 502(a)(1)(B) of the Employee Retirement Income and Security Act, *Metropolitan Life,* 481 U.S. 58, 107 S.Ct. 1542, 95 L.Ed.2d 55.

■ We decline defendants' invitation to add MDA § 360k(a) to this list and instead hold that count I of the complaint does not present a federal question under 28 U.S.C. § 1331 and was therefore not removable under 28 U.S.C. § 1441.[1]

---

1. Courts of appeals differ in their willingness to extend the scope of the complete preemption doctrine. *Compare Rosciszewski v. Arete Assocs.,* 1 F.3d 225 (4th Cir.1993) (holding complete preemption applies to § 301 of the Copyright Act) *and M. Nahas & Co. v. First Nat'l Bank,* 930 F.2d

This court's recent *en banc* decision in *Warner v. Ford Motor Co.*, 46 F.3d 531 (6th Cir.1995), guides our decision. In *Warner* we considered whether a state age discrimination claim was properly removed to federal court on the grounds that plaintiff's claim was preempted by the Employee Retirement Income and Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001. *Id.* at 533. The alleged basis of federal jurisdiction was the express preemption provision of ERISA, § 1144, which states that ERISA shall, with certain exceptions, "supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." *Id.* Defendant argued that removal based on the complete preemption corollary of the well-pleaded complaint rule was appropriate because plaintiff's claim necessarily called into question the validity of his retirement agreement, which was governed exclusively by ERISA.[2] *Id.*

We disagreed. Differentiating ERISA preemption under § 1144 from ERISA preemption under § 1132(a)(1)(B), which creates a federal cause of action for participants and beneficiaries in ERISA plans, we held that while the latter completely preempts state law, the former does not:

Section 1144 ... allows ERISA to preempt state laws when they "relate to" matters governed by ERISA but does not create a federal cause of action for matters which only "relate to" ERISA's field of concern. Thus, § 1144 preemption does not create a federal cause of action itself, and cannot convert a state cause of action into a federal cause of action under the well-pleaded complaint rule. As a consequence, no removal jurisdiction exists under § 1144.

*Id.* at 534. Thus, *Warner* reasoned that the congressional intent necessary to confer removal jurisdiction upon the federal district courts through complete preemption is expressed through the creation of a parallel federal cause of action that would "convert" a state cause of action into the federal action for purposes of the well-pleaded complaint rule. *Id.* at 534–35.

This analysis controls the case *sub judice.* Defendants argue that § 360k(a) of the MDA preempts plaintiffs' negligent manufacture claim.[3] However, like its ERISA counterpart § 1144, § 360k(a) expressly preempts certain state requirements, but does not create a parallel federal cause of action. Accordingly, § 360k(a) preemption cannot convert a state cause of action into a federal question under the well-pleaded complaint

608 (8th Cir.1991) (holding complete preemption applies to § 86 of the National Bank Act) *and Trans World Airlines v. Mattox*, 897 F.2d 773 (5th Cir.) (holding complete preemption applies to § 105(a)(1) of the Airline Deregulation Act), *cert. denied*, 498 U.S. 926, 111 S.Ct. 307, 112 L.Ed.2d 261 (1990) *with Spellman v. Meridian Bank*, 1995 WL 764548 (3rd Cir. Dec. 29, 1995) (refusing to extend complete preemption to § 85 and § 86 of the National Bank Act, or to § 521 of the Depository Institutions Deregulation and Monetary Control Act) *and Hurt v. Dow Chem. Co.*, 963 F.2d 1142 (8th Cir.1992) (refusing to extend complete preemption to the Federal Insecticide, Fungicide, and Rodenticide Act) *and Robinson v. Michigan Consol. Gas Co.*, 918 F.2d 579 (6th Cir.1990) (refusing to extend complete preemption to suits against trustees in bankruptcy) *and Aaron v. National Union Fire Ins. Co.*, 876 F.2d 1157 (5th Cir.1989) (refusing to extend complete preemption to § 5 of the Longshore and Harbor Workers' Compensation Act), *cert. denied*, 493 U.S. 1074, 110 S.Ct. 1121, 107 L.Ed.2d 1028 (1990).

The specific question of whether complete preemption applies to § 360k(a) of the MDA is one of first impression in the courts of appeals. District courts are divided on the issue. *Compare*

*Richardson v. Advanced Cardiovascular Sys., Inc.*, 865 F.Supp. 1210 (E.D.La.1994) (holding complete preemption applies) *with Goldstein v. W.L. Gore & Assocs., Inc.*, 887 F.Supp. 168 (N.D.Ill. 1995) (refusing to extend complete preemption).

**2.** The defense to plaintiff's claim was based on the fact that plaintiff had taken early retirement in lieu of discharge, was receiving benefits under an agreement governed by federal ERISA law, and had signed a release of claims form in exchange for the retirement benefits. *Warner*, 46 F.3d at 533.

**3.** This section states, in relevant part:

[N]o State or political subdivision of a State may establish or continue in effect with respect to a device intended for human use any requirement—

(1) which is different from, or in addition to, any requirement applicable under this chapter to the device, and

(2) which relates to the safety or effectiveness of the device or to any other matter included in a requirement applicable to the device under this chapter.

21 U.S.C. § 360k(a).

rule, and removal was thus improper. *See Warner*, 46 F.3d at 534.

■ We are also unpersuaded by defendants' argument that because the MDA both preempts state law and provides federal remedies, albeit not to plaintiffs, there is complete preemption. The federal administrative remedies under the MDA are insufficient to evince the clear manifestation of congressional intent necessary to create removal jurisdiction. *See id.* at 534–35; *Robinson v. Michigan Consol. Gas Co.*, 918 F.2d 579, 585–86 (6th Cir.1990).

■ Finally, as we stated in *Warner*, "[r]emoval and preemption are two distinct concepts," and the fact that plaintiffs' claim might ultimately prove to be preempted does not establish that it is removable to federal court. *Warner*, 46 F.3d at 535. Thus, in a nonremovable case such as this, "[t]he federal preemption defense ... would be decided in state court and would be subject to review on certiorari in the U.S. Supreme Court." *Id.*

## IV.

For the foregoing reasons, the decision of the District Court is hereby REVERSED and the case is REMANDED for further proceedings not inconsistent with this opinion.

SUHRHEINRICH, Circuit Judge, dissenting.

Because I believe that the "complete preemption" doctrine should be applied to allow removal jurisdiction in this case, I respectfully **dissent.**

In concluding that the "complete preemption" corollary to the well-pleaded complaint rule should not be invoked when a defendant seeks to remove on the basis of the Medical Device Amendments to the Food, Drug and Cosmetics Act ("MDA"), 21 U.S.C. § 360, the majority relies on our en banc decision in *Warner v. Ford Motor Co.*, 46 F.3d 531 (6th Cir.1995). In *Warner*, we held that no removal jurisdiction exists under Section 514 of the Employee Retirement Income and Security Act of 1974 ("ERISA"), 29 U.S.C. § 1144, because "§ 1144 preemption does not create a federal cause of action itself, and cannot convert a state cause of action into a federal cause of action under the well-pleaded complaint rule." *Id.* at 534. The majority analogizes to this reasoning of *Warner* to conclude that, because § 360k(a) of the MDA also does not create a parallel federal cause of action, § 360k(a) preemption cannot convert a state cause of action into a federal question under the well-pleaded complaint rule.

In my view, the majority errs in suggesting that mere preemption, absent the simultaneous creation of a federal cause of action, means that removal jurisdiction is never possible. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 391 n. 4, 107 S.Ct. 2425, 2429, n. 4, 96 L.Ed.2d 318 (1987) (expressly disagreeing with lower court's reasoning that actions may not be removed to federal court on grounds of complete preemption unless federal law both displaces and supplements state law with a federal cause of action). Rather, the operative inquiry in determining whether the complete preemption doctrine authorizes removal is "the intent of Congress," which may be either express or implied from the statutory text. *Malone v. White Motor Corp.*, 435 U.S. 497, 504, 98 S.Ct. 1185, 1189–90, 55 L.Ed.2d 443 (1978); *Stamps v. Collagen Corp.*, 984 F.2d 1416, 1420 (5th Cir.), *cert. denied*, —— U.S. ——, 114 S.Ct. 86, 126 L.Ed.2d 54 (1993).

In my view, Congress made explicit in § 360k(a) and related provisions its comprehensive preemptive intent, for the reasons expressed by the district court in *Richardson v. Advanced Cardiovascular Sys., Inc.*, 865 F.Supp. 1210 (E.D.La.1994). I would therefore affirm the district court's denial of the motion to remand, and also its dismissal of plaintiff's claims on the basis of complete preemption for the reasons expressed in its opinion dated September 22, 1994.