Alexander **PENELAS**, Mayor of Miami–Dade County, and Miami–Dade County, a political sub-division of the State of Florida, Plaintiffs,

v.

**ARMS TECHNOLOGY, INC.,** et al., Defendants.

No. 99–1942–CIV.

United States District Court, S.D. Florida.

Aug. 20, 1999.

**1252**

Robert A. Ginsburg, Miami–Dade County Attorney, Stephen P. Clark Center, Miami, FL, Jess M. McCarty, Javier Alberto Soto.

Dennis A. Henigan, Brian J. Siebel, Jonathan E. Lowy, Legal Action Project to Prevent Handgun Violence, Washington, D.C.

Matthew W. Cockrell, Zevnik Horton Guibord McGovern, Pahner & Fognani, Chicago, IL.

Jesse J. McCrary, Jr., McCrary & Mosley, Miami, FL.

Ervin A. Gonzalez, Robles & Gonzalez, P.A., Miami.

William G. Edwards, Marlow, Connell, Valerius, Abrams, Adler & Newman, Miami, FL, for Navegar.

William M. Griffin, III, Friday, Eldredge & Clark, Little Rock, AR, for Arms Technology, Inc. and Browning Arms Company.

James C. Sabalos, Newport Beach, CA, for B.L. Jennings, Inc., Bryco Arms, Inc. and Lorcin Engineering Co., Inc.

Leonard S. Rosenbaum, Renzulli & Rutherford, LLP, New York, NY, for Hi-Point Firearms, Glock, Inc., Kel–Tec CNC Industries, Inc., and H & R 187 1, Inc.

Michael R. Band, Zack Kosnitzky, Miami, FL.

Steven M. Dunn, Dunn and Johnson, P.A., Miami, FL.

J.B. Spence, Leeds & Colby, Miami, FL.

Harold R. Mayberry, Jr., Mayberry Law Firm, Washington, D.C., Co–Counsel for American Shooting Sports Council, Inc.

Robert J. Becerra, Raskin & Raskin, Miami, FL, for 27th Avenue Pawn and Gun and Roman Hernz.

Douglas E. Kliever, Cleary, Gottlieb, Steen & Hamilton, Washington, D.C., for Sporting Arms and Ammunition Manufacturers' Institute and National Shooting Sports Foundation, Inc.

Thomas M. Sherouse, Shook, Hardy & Bacon, LLP, Miami, FL, for Colt Manufacturing Company, Inc.

Robert H. Klonoff, Jones, Day, Reavis & Pogue, Washington, DC, Co–Counsel for Colt Manufacturing Company, Inc.

Thomas E. Fennell, James S. Teater, Jones, Day, Reavis & Pogue, Dallas, TX, Co–Counsel for Colt Manufacturing Company, Inc.

David A. Friedman, Miami, FL, Local Counsel for Forjas Taurus, S.A., Phoeniz Arms, Sundance Industries, and Taurus International Manufacturing, Inc. Fowler, White, Burnett, Hurley, Banick & Strickroot.

Tom Bumann, Budd, Larner, et al., Atlanta, GA, for Forjas Taurus, S.A., Phoenix Arms, and Taurus International Manufacturing, Inc.

Lawrence S. Greenwald, Baltimore, MD, Counsel for Beretta U.S.A. Corp., and Fabbrica D'Armi Pietro Beretta Gordon,

Feinblatt, Rothman, Hoffberger & Hollander, PPC.

James M. Kaplan, Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, Miami, FL, for Sigarms.

Anne G. Kimball, James P. Dorr, Dale G. Wills, Wildman, Harrold, Allen & Dixon, Chicago, IL, Counsel for Sturm Ruger & Company and Smith & Wesson Corp.

John McClure, Angones, Hunter, McClure, Miami, FL, for International Armanent Corp.

Andrew Connell, Marlow Connell Valerius, Miami, FL, for Navegar, Inc.

### ORDER GRANTING MOTION TO REMAND

MORENO, District Judge.

THIS CAUSE is before the Court on the Plaintiffs' Motion to Remand, filed on **July 26, 1999.** Relying on *BLAB T.V. of Mobile, Inc. v. Comcast Cable Communications, Inc.,* 182 F.3d 851 (11th Cir.1999), the Court GRANTS the motion to remand because the Defendants have not identified a federal statute that preempts the Plaintiffs' state law claims.

### BACKGROUND

The County filed this action against the Defendant firearms manufacturers and trade associations. The Amended Complaint contains the following state law claims against all Defendants unless otherwise specified: (I) negligence against the manufacturers, (II) negligence, (III) strict liability, (IV) strict liability because of inadequate warning and instructions, (V) negligent entrustment, (VI) nuisance, (VII) negligence against the trade associations, (VIII) injunctive relief, and (IX) constructive trust. The Plaintiffs claim that no relief, past or prospective, is sought for Defendants' conduct beyond Miami–Dade County's borders.

■ The Defendant Sigarms, Inc. removed the case from state court. The Defendants argue that the Court has federal question jurisdiction because some, if not all, of the Plaintiffs' claims are "com-

pletely preempted" by the following clauses of the Constitution: the Commerce Clause (U.S. Const. art. 1, § 8, cl.3), the Import/Export Clause (U.S. Const. art. 1, § 10, cl.2), and the Due Process Clause of the Fourteenth Amendment.

### LEGAL ANALYSIS

First, removal to this Court can only be based on federal question jurisdiction since there is no allegation of complete diversity: "The removal statute provides that any civil action brought in state court may be removed to federal court by the defendant so long as the federal court has original jurisdiction over the case under either federal question or diversity jurisdiction." *BLAB T.V. of Mobile, Inc. v. Comcast Cable Communications, Inc.,* 182 F.3d 851, 854 (11th Cir.1999) (citing 28 U.S.C. § 1441(a)).

■ Next, the "well-pleaded complaint" rule requires the Court to ascertain federal question jurisdiction solely from the face of the complaint: "When evaluating whether this case arises under federal law, we are guided by the 'well-pleaded complaint' rule, which provides that the plaintiff's properly pleaded complaint governs the jurisdictional determination. A case thus may be removed based on federal question jurisdiction only when the plaintiff's statement of his own cause of action shows that it is based on federal law." *Id.* at 854 (citations and internal quotation marks omitted).

■ Moreover, even a "federal defense" is not a basis for removal: "The presence of a federal defense does not make the case removable, even if the defense is preemption and even if the validity of the preemption defense is the only issue to be resolved in the case. *In short, the plaintiff is the master of the claim and may prevent removal by choosing not to plead an available federal claim." Id.* (citations and internal quotation marks omitted) (emphasis added).

However, the "complete preemption doctrine" makes a case removable under federal question jurisdiction no matter how "artfully" the plaintiff attempts to avoid pleading a federal claim:

> Defendant[s] argue[ ] that this case falls within an 'independent corollary' to the well-pleaded complaint rule known as the 'complete preemption' doctrine. According to the Supreme Court, complete preemption occurs when the *pre-emptive force of a statute* is so extraordinary that it converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule. Because they are recast as federal claims, state law claims that are held to be completely preempted give rise to federal question jurisdiction and thus may provide a basis for removal.

*Id.* (citations and internal quotation marks omitted) (emphasis added).

In this regard, only an act of Congress can completely preempt a state law cause of action. Indeed, all the Circuits employ similar tests for complete preemption:

> determine whether *Congress* not only intended a given *federal statute* to provide a federal defense to a state cause of action that could be asserted either in a state or federal court, but also intended to grant a defendant the ability to remove the adjudication of the cause of action to a federal court by transforming the state cause of action into a federal one. *The complete preemption analysis thus focuses primarily upon evaluating Congress's intent, which is the touchstone of federal court removal jurisdiction.*

*Id.* at 857 (citations and internal quotation marks omitted) (emphasis added); *see also Butero v. Royal Maccabees Life Ins. Co.,* 174 F.3d 1207, 1211–12 (11th Cir.1999) ("When *Congress* comprehensively occupies a field of law, any civil complaint raising this select group of claims is necessarily federal in character and thus furnishes subject-matter jurisdiction under 28 U.S.C. § 1331.") (emphasis added).

Notably, the Supreme Court has only identified two statutes that completely preempt an entire field of state law: ERISA and the Labor Management Relations Act. *Rivet v. Regions Bank of Louisiana,* 522 U.S. 470, 475–76, 118 S.Ct. 921, 139 L.Ed.2d 912 (1998). Moreover, the federal firearms statute specifically states that state law is not preempted unless there is a direct conflict between state law and a specific provision of federal law. 18 U.S.C. § 927.

Finally, the *Wheeling–Pittsburgh Steel Corp. v. Mitsui & Co.,* 26 F.Supp.2d 1022 (S.D.Ohio 1998) case cited by the Defendants does not stand for the proposition that a defendant may rely directly on the Constitution as a basis for complete preemption. In *Wheeling,* an anti-dumping case concerning steel imported from Russia and Japan, the district court denied the plaintiff's motion to remand because the plaintiff's state law claims were preempted by federal law. The Defendants mistakenly rely on the following quote from *Wheeling* for their argument that the Constitution itself preempts the Plaintiffs' state claims: "the United States Constitution itself prohibits any state regulation of international trade." In more complete context, however, the *Wheeling* court stated: "the United States Constitution itself prohibits any state regulation of international trade. *Further, Congress has enacted comprehensive statutes prohibiting dumping practices by international manufacturers.*" 26 F.Supp.2d at 1028 (emphasis added).

To be sure, *Wheeling* states at the outset that a preemptive federal statute was the dispositive factor in the case: *"Although the claims made by the plaintiff are couched in terms of state law, the claims of the plaintiff set forth the essential harm for which Congress has enacted a specific remedy, i.e., the Antidumping Act, 15 U.S.C. § 72."* 26 F.Supp.2d at 1023.

Thus, the Defendants attempt to establish complete preemption based solely on Constitutional provisions fails. Complete preemption requires a statutory basis, but the Defendants have not identified a federal statute that completely, or even partially, preempts the Plaintiffs' state law claims. Therefore, the case does not present a federal question.

 Next, the Plaintiffs filed a motion for attorneys' fees and costs for the Defendants improper removal. The motion for fees and costs is DENIED as the removal grounds were unavailing but at least colorable. Accordingly, it is

ADJUDGED that the motion to remand is GRANTED and the motion for fees and costs is DENIED. The case is CLOSED, REMANDED to the Eleventh Judicial Circuit of Florida, and any pending motions are DENIED AS MOOT.