United States District Court,
E.D. Michigan,
Southern Division.

Oct. 14, 1999.

Dennis W. ARCHER, Mayor of the City of Detroit and City of Detroit, a municipal corporation, Plaintiffs,

v.

ARMS TECHNOLOGY, INC., Beretta USA Corp., B.L. Jennings, Inc., Browning Arms Co., Bryco Arms, Inc., Cobray Firearms, Colt's Manufacturing Company, Inc., Davis Industries, FMJ (a/k/a "Full Metal Jacket"), Glock, Inc., H & R 1871, Inc., MKS Supply, Inc., d/b/a Hipoint Firearms, International Armament Corp., d/b/a Interarms Industries, Inc., KEL–TEC CNC Industries, Inc., Lorcin Engineering Company, Inc., Mossberg & Sons, Inc., Navegar, Inc., d/b/a Intratec USA, Inc., Phoenix Arms, Raven Arms, Inc., Smith & Wesson Corp., Sturm Ruger & Company, Inc., Sundance Industries, Inc., S.W. Daniel, Inc., Taurus International Manufacturing, Inc., Alexander's Sport Shop, Inc., a Michigan Corporation, d/b/a Alexander's Gun Shop and Gun Range, Lloyd Dean V. Parr, d/b/a Dean's Gun Shop II, Dick's Sporting Goods, a Michigan Corporation, Gander Mountain, a Michigan Corporation, Gibraltar Trade Center, Inc., a Michigan Corporation, Joel Silber, d/b/a Joel Silber Sporting Goods, Lortz, Ltd., a Michigan Corporation, d/b/a Midwest Ordinance, Motor City Sports Car Ltd., Urbanski's Gun Shop, Inc., a

James D. Noseda, Detroit City Law Department, David W. Christensen, Samuel L. Simpson, Charfoos & Christensen, Detroit, MI, for Dennis W. Archer, Mayor of the City of Detroit, City of Detroit, plaintiffs.

Anthony G. Arnone, John P. Hessburg, Ellen C. Pedesky, Kitch, Drutchas, Detroit, MI, for Arms Technology, Inc.

Robert B. Holt, Jr., Secrest, Wardle, Farmington Hills, MI, James C. Sabalos, Newport Beach, CA, for B.L. Jennings, Inc., Bryco Arms, Inc., Defendants.

John P. Hessburg, Kitch, Drutchas, Detroit, MI, for Browning Arms Co., Glock, Inc., H & R 1871, Inc., KEL-TEC, CNC Industries, Inc., Mossberg & Sons, Inc., Defendants.

Gerard V. Mantese, Theresamarie Mantese, Mantese, Miller, Troy, MI, for MKS Supply, Inc. dba Hi-Point Firearms, Defendant.

James C. Sabalos, Newport Beach, CA, for Lorcin Engineering Co, Inc., Defendant.

Michael F. Condit, Condit, McGarry, Bloomfield Hills, MI, for Navegar, Inc., dba Intratech USA, Inc., Defendant.

Robert B. Holt, Jr., Secrest, Wardle, Farmington Hills, MI, for Phoenix Arms, Taurus International Manufacturing, Inc., Defendants.

William S. Noakes, Bloomfield Hills, MI, for Smith & Wesson Corp, Sturm Ruger & Co., Inc., Defendants.

Thomas K. DiPietro, DiPietro & Day, Belleville, MI, for Alexander's Sport Shop, Inc. dba Alexander's Gun Shop and gun Range, Defendants.

Mark G. Butler, Center Line, MI, Carmine J. Perrotta, Adams, Perrotta, St. Clair Shores, MI, for Lloyd Dean V. Parr dba Deans Gun Shop II, Defendant.

Timothy O. McMahon, Honigman, Miller, Detroit, MI, Stephen Wasinger, Wasinger, Kickham, Royal Oak, MI, for Gander Mountain, Defendant.

James A. Tucker, Suspended, Tucker, Barbour, Detroit, MI, for Gibraltar Trade Center, Inc., Urbanski's Gun Shop, Inc., Defendants.

David T. Rogers, Draugelis & Ashton, Plymouth, MI, for Joel Silber, dba Joel Silber Sporting Goods, Defendants.

Robert E. Sanders, Punta Gorda, FL, Kathleen M. Kubicki, Detroit, MI, for Lortz, Ltd. dba Midwest Ordnance, Defendant.

Eric S. Handy, Detroit, MI, for General Laney dba Laney's Gun Supplies, Defendant.

John P. Hessburg, Kitch, Drutchas, Eric S. Handy, Detroit, MI, for General Laney, Inc., Defendant.

## ORDER GRANTING PLAINTIFFS' MOTION TO REMAND

GADOLA, District Judge.

Before the Court is a Motion to Remand filed by Plaintiffs Dennis W. Archer and the City of Detroit. This motion was set for oral argument on November 3, 1999. Pursuant to Local Rule 7.1(e)(2), this Court has determined that oral argument will not significantly aid in the disposition of this motion. For the reasons set forth below, this Court **GRANTS** Plaintiffs' motion and **REMANDS** this action to the Circuit Court for the County of Wayne.

### Background

Earlier this year Plaintiffs filed a five count Complaint against Defendants in the Circuit Court for the County of Wayne. Plaintiffs are seeking injunctive relief and compensatory and punitive damages against Defendants manufacturers, distributors, and sellers of firearms who market and distribute guns in a manner that allegedly injures the City of Detroit, its employees, and its residents. The claims for relief in Plaintiffs' Complaint are for public nuisance, negligence, alternative liability, concert of action, and exemplary damages. Defendants removed this action to federal court, asserting that Plaintiffs' claims for relief are "completely preempted by the Interstate and Foreign Commerce Clause (U.S. Const. art. 1, § 8) and the Import/Export Clause (U.S. Const. art. 1, § 10) of the United States Constitution."

Notice of Removal ¶ 4. On July 14, 1999, Plaintiffs filed their Motion to Remand.

Federal courts, in this district and elsewhere, have been faced with the same question before this Court, often involving the same Defendants before this Court. *See McNamara v. Arms Technology, Inc.,*, 71 F.Supp.2d 720 (E.D.Mich.1999); *Penelas v. Arms Technology, Inc.,* 71 F.Supp.2d 1251 (S.D.Fla. 1999); *Morial v. Smith & Wesson Corp.,* No. 98–3467 (E.D.La. Aug. 18, 1999). Each has concluded that the action should be remanded to state court.

### Discussion

A defendant in a civil action in state court may remove that action to federal court if the federal court has original jurisdiction over the action. Section 1441 of Title 28 of the United States Code provides:

> [e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court *of which the district courts of the United States have original jurisdiction,* may be removed by the defendant or the defendants ....

28 U.S.C. § 1441(a) (emphasis added). *See Strong v. Telectronics Pacing Systems, Inc.,* 78 F.3d 256, 259 (6th Cir.1996); *Ahearn v. Charter Township of Bloomfield,* 100 F.3d 451, 454 (6th Cir.1996).

■ The parties here are not completely diverse, so this Court does not have original jurisdiction under 28 U.S.C. § 1332. *See Strawbridge v. Curtiss,* 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806). Absent diversity of citizenship, federal question jurisdiction is required for original jurisdiction. *Caterpillar Inc. v. Williams,* 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). A federal court has original jurisdiction over a federal question when the civil action "arises under" the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331.

■ Whether a claim arises under federal law for purposes of federal question jurisdiction is governed by the "well-pleaded complaint" rule, which provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc.*, 482 U.S. at 392, 107 S.Ct. 2425; *see Gully v. First National Bank*, 299 U.S. 109, 112–13, 57 S.Ct. 96, 81 L.Ed. 70 (1936); *Louisville & Nashville Railroad Co. v. Mottley*, 211 U.S. 149, 152, 29 S.Ct. 42, 53 L.Ed. 126 (1908). Defendants correctly recognize that there is no federal question apparent from the face of the Complaint. Notice of Removal ¶ 4. A corollary to the "well-pleaded complaint" rule is that a defendant may not remove a case to federal court on the basis of an affirmative defense or counterclaim raising a federal question. *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 118 S.Ct. 921, 139 L.Ed.2d 912 (1998); *Caterpillar Inc.*, 482 U.S. at 393, 107 S.Ct. 2425; *Strong*, 78 F.3d at 259; *Switzer v. Hayes Wheels International, Inc.*, 976 F.Supp. 692, 694 (E.D.Mich.1997); *Burke v. Northwest Airlines, Inc.*, 819 F.Supp. 1352, 1355 (E.D.Mich.1993).

■ With a couple of narrow exceptions, if the complaint relies solely on state law, then the federal courts lack jurisdiction and the action may not be removed. *See Caterpillar Inc.*, 482 U.S. at 393, 107 S.Ct. 2425; *Burke v. Northwest Airlines, Inc.*, 819 F.Supp. 1352, 1355 (E.D.Mich.1993). One exception to this rule is where the plaintiff has "artfully pleaded" by omitting necessary federal claims for relief in order to frustrate removal to the federal courts. *See Rivet*, 522 U.S. at ——, 118 S.Ct. at 925.

■ Another exception to the "well-pleaded complaint" rule is when federal law completely preempts a plaintiff's state law claim. *See Rivet*, 522 U.S. at ——, 118 S.Ct. at 925; *Caterpillar Inc.*, 482 U.S. at 393, 107 S.Ct. 2425; *Metropolitan Life Insurance Co. v. Taylor*, 481 U.S. 58, 65–66, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987);

*Avco Corp. v. Aero Lodge No. 735, International Association of Machinists and Aerospace Workers*, 390 U.S. 557, 560, 88 S.Ct. 1235, 20 L.Ed.2d 126 (1968). "[W]hen Congress intends the preemptive force of a statute to be so extraordinary that it completely preempts an area of state law, 'any claim purportedly based on that preempted state law is considered, from its inception, a federal claim, and therefore arises under federal law.'" *Strong*, 78 F.3d at 259 (quoting *Caterpillar, Inc.*, 482 U.S. at 393, 107 S.Ct. 2425). If an act of Congress does not contain an express preemption provision, preemption may be implied if the federal scheme is so pervasive that it can be inferred that Congress left no room for the states to supplement it. *See Pacific Gas & Electric Co. v. State Energy Resources Conservation & Development Commission*, 461 U.S. 190, 203–04, 103 S.Ct. 1713, 75 L.Ed.2d 752 (1983).

Complete preemption by act of Congress is quite rare. Two common examples of complete preemption are Section 301 of the Labor Management Relations Act and Section 502(a)(1)(B) of the Employment Retirement Income and Security Act ("ERISA"). *See Strong*, 78 F.3d at 259. This Court is unaware of any state tort liability laws that have been preempted solely by federal Constitutional provisions.

■ There is no act of Congress expressly preempting state law here and no pervasive federal scheme created by Congress that overwhelms state claims for relief. Without some showing of Congress' intent, this Court declines Defendants' invitation to find complete preemption based only on federal Constitutional provisions. *See Penelas v. Arms Technology, Inc.*, 71 F.Supp.2d 1251 (S.D.Fla. 1999).

This Court is not the first to remind Defendants that their reliance on *Wheeling–Pittsburgh Steel Corp. v. Mitsui & Co.*, 26 F.Supp.2d 1022 (S.D.Ohio 1998), is unavailing. *See McNamara v. Arms Tech-*

788

*nology, Inc.,* No. 99–73056 (E.D.Mich. Sept. 14, 1999); *Penelas v. Arms Technology, Inc.,* 71 F.Supp.2d 1251 (S.D.Fla. 1999).
In *Wheeling,* the plaintiff filed suit against Japanese and Russian steel manufacturers for alleged unlawful "dumping" of hot-rolled steel products. The *Wheeling* Court denied the plaintiff's motion to remand because the state law matters were "squarely in the federal field occupied by comprehensive Congressional statutory and executive administrative schemes." 26 F.Supp.2d at 1028. There are no such federal schemes occupying the field of the state-law-based claims for relief in the instant action. Even if *Wheeling* stands for the proposition that the Constitution may be a necessary condition for complete preemption of state anti-dumping claims for relief, it does not stand for the proposition that the Constitution alone is a sufficient condition for complete preemption, as Defendants argue.

**Conclusion**

The state law claims for relief that Defendants removed to this Court are not preempted by federal law and are not within this Court's original jurisdiction. Accordingly, this Court being fully advised in the premises,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Remand is **GRANTED,** and this action is **REMANDED** to the Circuit Court for the County of Wayne.

**IT IS FURTHER ORDERED** that any other motions pending before this Court in this action are **DENIED AS MOOT.**

**SO ORDERED.**