294 F.Supp.2d 917 (2003)
In re: KEVIN ADELL'S PETITION TO AUTHORIZE THE ISSUANCE OF SUBPOENAS FOR DEPOSITIONS RELATING TO A FOREIGN PROCEEDING.
Kevin Adell, Plaintiff,
v.
Joseph J. Whall and The Whall Group, Ltd., Defendants.
No. CIV. 03-40309.
United States District Court, E.D. Michigan, Southern Division.
December 3, 2003.
Luttrell D. Levingston, Bodman, Longley, Detroit, MI, for Kevin Adell, plaintiff.
Michael D. Weaver, Plunkett & Cooney, Bloomfield Hills, MI, for Joseph J. Whall, Whall Group, Limited, defendants.

*918 ORDER OF REMAND

GADOLA, District Judge.
Before the Court is Kevin Adell's motion to remand. For the reasons set forth below the Court will grant this motion.

I. BACKGROUND
This action is part of a three-part chain reaction. Part one is a bankruptcy action. The bankruptcy action began in the United States Bankruptcy Court for the Eastern District of Michigan, and is titled In re: John Richards Homes Building Company, L.L.C., Bankr.Case No. 02-54689. In the bankruptcy action, on April 25, 2003, the Bankruptcy Court entered a judgment against Mr. Adell and for John Richards Homes Building Company. Several appeals arising from this bankruptcy action are pending before this Court.
Part two is an action in Florida state court. The Florida action, filed on July 2, 2003, is in the Circuit Court for Collier County, Florida, and is titled Kevin Adell v. Joseph J. Whall and The Whall Group, Ltd., Case No. 03-2776-CA. In the Florida action, Mr. Adell avers (1) that Joseph Whall and the Whall Group engaged in unlawful debt collection practices in violation of Florida Statute § 559.72(2) and § 559.72(7),[1] as well as (2) an invasion of privacy claim against Mr. Whall and the Whall Group. The Florida action is not directly related to the bankruptcy action. Rather, the Florida action is, at most, an indirect result of the bankruptcy action: John Richards Homes Building Company purportedly retained the services of Mr. Whall and the Whall Group to help in the enforcement of the judgment in the bankruptcy action, and, in the course of providing these services, Mr. Whall and the Whall Group allegedly engaged in unlawful debt collection practices and invaded Mr. Adell's privacy.
Part three is this action. On September 2, 2003, Mr. Adell initiated this action in the State of Michigan Circuit Court for the County of Wayne. In Circuit Court, this action was titled, In re: Kevin Adell's Petition to Authorize the Issuance of Subpoenas for Depositions Relating to a Foreign Proceeding, Case No. 03-329233. In this discovery action, Mr. Adell requests, pursuant to Michigan Complied Laws § 600.1852(2)[2] and Michigan Court Rule *919 2.305(E),[3] a court order for certain persons and entities, none of whom are Mr. Whall or the Whall Group, to appear and give testimony and to produce documents in connection with the Florida action.
The Whall Group removed this discovery action on September 24, 2003, using the case caption, Kevin Adell v. Joseph J. Whall and The Whall Group, Ltd., Case No. 03-40309, and Mr. Whall has consented to this removal, as evidenced by his opposition to Mr. Adell's motion to remand.[4] The notice of removal states that jurisdiction is premised on diversity jurisdiction, 28 U.S.C. § 1332, and/or supplemental jurisdiction, 28 U.S.C. § 1367. See Notc. Remv'l at ¶ 2 and ¶ 4. Subsequently, in their response to Mr. Adell's motion to remand, Mr. Whall and the Whall Group also suggest that federal question jurisdiction, 28 U.S.C. § 1331, is present in this action because this action, via the underlying Florida action, is related to the bankruptcy action. See Resp. at 6-7; 11 U.S.C. 303(i); 28 U.S.C. § 1452.

II. ANALYSIS
Even assuming, arguendo, that this discovery action is an independent removable "civil action," see 28 U.S.C. § 1441(a), Mr. Adell is entitled to remand because this Court lacks subject matter jurisdiction. See 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").
First, Mr. Whall and the Whall Group cannot remove this action on the basis of diversity jurisdiction. See 28 U.S.C. § 1332. Pursuant to 28 U.S.C. § 1441(b), a citizen of Michigan cannot remove a state court action brought in Michigan. Here, Mr. Whall and the Whall Group are citizens of Michigan. Thus, diversity jurisdiction cannot serve as the basis for removal in this action brought in Michigan state court. See 28 U.S.C. § 1441(b). Furthermore, in their response to Mr. Adell's motion to remand, Mr. Whall and the Whall Group now maintain that "this action was not removed based upon diversity jurisdiction." Resp. at 3-4. Consequently, subject matter jurisdiction in the action cannot and is not premised on diversity jurisdiction.
Second, there is no federal question in this action. "Whether a claim arises under federal law for purposes of federal question jurisdiction is governed by the `well-pleaded complaint' rule, which provides that `federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Archer v. Arms Tech., Inc., 72 F.Supp.2d 784, 787 *920 (E.D.Mich.1999) (Gadola, J.) (quoting Caterpillar Inc. v. Williams, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987)). There is no hint that this discovery action arises under the Constitution, laws, or treaties of the United States. See 28 U.S.C. § 1331. On the contrary, it arises under the laws and court rules of Michigan. Moreover, this action simply concerns discovery matters related to a state civil action in Florida state court, and this underlying Florida action, which only concerns violations of a Florida statute and Florida tort law, is completely devoid of any federal question. The underlying Florida action and this discovery action are genuinely unrelated to the bankruptcy action. See also Reply Br. at 6-8. Furthermore, the two exceptions to the well-pleaded complaint rule are inapplicable here: (1) preemption is not at issue, and (2) there is no indication that Mr. Adell "has `artfully pleaded' by omitting necessary federal claims for relief in order to frustrate removal to the federal courts." Archer, 72 F.Supp.2d at 787. In sum, there is no federal question in this action.
Finally, supplemental jurisdiction is inappropriate in this situation. For the Court to exercise supplemental jurisdiction over a state law claim, there must be another claim in the action over which the Court has original jurisdiction. See 28 U.S.C. § 1367(a). In this action, as detailed supra, the Court does not have original jurisdiction (i.e., federal question or diversity jurisdiction) over any claim. Therefore, Mr. Whall and the Whall Group's argument in favor of supplemental jurisdiction is without merit.

III. CONCLUSION
ACCORDINGLY, IT IS HEREBY ORDERED that Mr. Adell's motion to remand [docket entry 7] is GRANTED and that this action is REMANDED to the State of Michigan Circuit Court for the County of Wayne.
SO ORDERED.
NOTES
[1] Fla. Stat. § 559.72: "In collecting consumer debts, no person shall: ... (2) Use or threaten force or violence.... (7) Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family."
[2] Mich. Comp. Laws § 600.1852(2): "Any court of record of this state may order a person who is domiciled or is found within this state to give his testimony or statement or to produce documents or other things for use in a proceeding in a tribunal outside this state. The order may be made upon the application of any interested person or in response to a letter rogatory and may prescribe the practice and procedure, which may be wholly or in part the practice and procedure of the tribunal outside this state, for taking the testimony or statement or producing the documents or other things. The order shall be issued upon petition to a court of record in the county in which the deponent resides or is employed or transacts his business in person or is found for a subpoena to compel the giving of testimony by him. The court may hear and act upon the petition with or without notice as the court directs. To the extent that the order does not prescribe otherwise, the practice and procedure shall be in accordance with that of the court of this state issuing the order. The order may direct that the testimony or statement be given, or document or other thing produced, before a person appointed by the court. The person appointed shall have power to administer any necessary oath. A person within this state may voluntarily give his testimony or statement or produce documents or other things for use in a proceeding before a tribunal outside this state."
[3] Mich. Ct. R. 2.305(E): "An officer or a person authorized by the laws of another state, territory, or country to take a deposition in Michigan, with or without a commission, in an action pending in a court of that state, territory, or country may petition a court of record in the county in which the deponent resides, is employed, transacts business in person, or is found, for a subpoena to compel the deponent to give testimony. The court may hear and act on the petition with or without notice, as the court directs."
[4] The text of the notice of removal does not indicate whether or not Mr. Whall joined the Whall Group in this removal; thus, Mr. Whall's subsequent assent to the removal is important to quell any concerns that the rule of unanimity has not beet satisfied. The rule of unanimity requires that, for a removal to be valid, all served/joined defendants must join in or consent to the removal. See Brierly v. Alusuisse Flexible Packaging, Inc., 184 F.3d 527, 533 n. 3 (6th Cir.1999); 14C Charles A. Wright, Arthur R. Miller, & Edward H. Cooper, Federal Practice & Procedure § 3731, at 258 (3d ed. 1998).