**Edward H. McNAMARA,
et al., Plaintiffs,**

**v.**

**ARMS TECHNOLOGY, INC.,
et al., Defendants.**

No. 99–CV–73056.

United States District Court,
E.D. Michigan,
Southern Division.

Oct. 18, 1999.

Cyril V. Weiner, Thurswell, Chayet, Southfield, MI, for Edward H. McNamara, John D. O'Hair, Ricardo Solomon, Edna Bell, Robert Blackwell, Kathleen Husk, County of Wayne.

Anthony G. Arnone, John P. Hessburg, Ellen C. Pedesky, Kitch, Drutchas, Detroit, MI, for Arms Technology, Incorporated.

James C. Sabalos, Newport Beach, CA, for B.L. Jennings, Incorporated.

John P. Hessburg, Ellen C. Pedesky, Kitch, Drutchas, Detroit, MI, for Browning Arms Company, Glock, Incorporated, H and R 1871, Incorporated, Kel–Tec., O.F. Mossberg and Sons, Incorporated.

Gerard V. Mantese, E. Powell Miller, Mantese, Miller, Troy, MI, for MKS Supply, Incorporated.

Michael F. Condit, Condit, McGarry, Bloomfield Hills, MI, for Navegar, Incorporated dba Intratech USA, Incorporated.

Robert B. Holt, Jr., Secrest, Wardle, Farmington Hills, MI, for Phoenix Arms, Taurus International Manufacturing, Incorporated.

R. Christopher Cataldo, Jaffe, Raitt, Detroit, MI, William S. Noakes, Bloomfield Hills, MI, for Smith and Wesson Corporation, Strum Ruger and Company, Incorporated.

Thomas K. DiPietro, DiPietro & Day, Belleville, MI, for Alexander's Sport Shop, Incorporated dba Alexander's Gun Shop and Gun Range.

Mark G. Butler, Center Line, MI, for Lloyd Dean V. Parr dba Dean's Gun Shop.

Timothy O. McMahon, Honigman, Miller, Detroit, MI, Stephen Wasinger, Wasinger, Kickham, Royal Oak, MI, for Gander Mountain, L.L.C.

Kathleen M. Kubicki, Detroit, MI, for Lortz, Limited.

### ORDER

JULIAN ABELE COOK, Jr., District Judge.

On July 13, 1999, the Plaintiffs, Edward H. McNamara et al., filed a Motion to Remand in which they assert that this Court lacks subject matter jurisdiction over this case. For the reasons that have been set forth below, the Motion to Remand is granted.

### I.

The Plaintiffs filed their lawsuit in the Wayne County Circuit Court (Michigan) on April 26th of this year, seeking to obtain exemplary damages from the Defendants, Arms Technology, Inc. et al., whom they contend "knowingly and deliberately, and for their own financial benefit, marketed and distributed guns in a manner that foreseeably injures Wayne County and its residents." (Am.Compl. ¶ 1.) Moreover, they maintain that "[a] substantial number of handguns and firearms used to commit crimes in Wayne County, as throughout the country, are purchased or otherwise diverted from licensed dealers in a wide and ever changing array of schemes—including sham or 'straw' purchases, multiple sales, and diversion by corrupt dealers—designed to supply a steady stream of guns to an illegitimate secondary market of felons, juveniles, and other dangerous individuals who could not legally qualify to purchase guns on their own." (Am. Compl.¶ 4.) All of these allegations have been denied by the Defendants.

On June 16, 1999, the Defendant, Arms Technology, Inc., removed the case to this Court. Approximately one month later (to wit, July 13, 1999), the Plaintiffs filed a motion in which they asked that this lawsuit be remanded to the state court, claiming that the Court is without subject matter jurisdiction to address the issues.

### II.

Title 28 of the United States Code section 1441(a), reads in part that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." A reading of this statute clearly suggests that a defendant or defendants may remove a case from a state court to a federal court only if the lawsuit could have been filed originally in the federal court. Thus, an aggrieved party, who seeks to remove a case to the federal court, must demonstrate that the complaint contains a

federal question or reflects a complete diversity of citizenship among the litigants.

■ The diversity of citizenship issue has not been raised by any of the parties. Hence, this Court concludes that this case is removable only if the lawsuit raises a federal question which arises "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

■ In order to determine whether this case falls under federal law, the Court is guided by the "well-pleaded complaint rule," which provides that a plaintiff cannot file a lawsuit in federal court and a defendant may not remove a case from state to federal court unless it is clear from the face of the complaint that a federal question has been raised. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987); *see Louisville & N.R. Co. v. Mottley*, 211 U.S. 149, 29 S.Ct. 42, 53 L.Ed. 126 (1908). Thus, a case may not be removed to a federal court in anticipation, or because, of a federal defense, even if the defense is anticipated in the complaint. *Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1, 14, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983).

■ Even though a federal preemption is ordinarily raised as a defense, "the 'complete preemption' doctrine [ ] holds that when Congress intends the preemptive force of a statute to be so extraordinary that it completely preempts an area of state law, 'any claim purportedly based on that pre-empted state-law claim is considered, from its inception, a federal claim, and therefore arises under federal law.'" *Strong v. Telectronics Pacing Systems, Inc.*, 78 F.3d 256, 259 (6th Cir.1996) (citing *Caterpillar*, 482 U.S. at 393, 107 S.Ct. 2425). Based on the existing case law, it is the view of this Court that only an act of Congress can completely preempt a state law cause of action. In an effort to evaluate the merit, if any, of the parties' competing positions, the Court has been able to uncover only two federal statutes that have been found by the Supreme Court to have preempted state law; namely, § 301 of the Labor Management Relations Act and § 502(a)(1)(B) of the Employee Retirement Income and Security Act. *Strong*, 78 F.3d at 259.

In their Notice of Removal, the Defendants maintain that "the causes of action in the [P]laintiffs' [C]omplaint are completely preempted by the Interstate and Foreign Commerce Clauses (U.S. Const. art. I, § 8) and the Import/Export Clause (U.S. Const. art. I, § 10) of the United States Constitution." (Notice of Removal ¶ 4.) It is their view that the Plaintiffs seek to punish them for conduct that is lawful in other jurisdictions. Moreover, they submit that the Plaintiffs' "intended regulation is completely preempted by well-established principles of federal constitutional law." (Resp. to Mot. to Remand at 2.)

While recognizing the persuasiveness of the parties' respective positions, it is the conclusion of the Court that the Defendants' arguments must fail for two reasons. First, the complete preemption doctrine only applies when an act of Congress is involved. In reading the Defendants' briefs, the Court looked for, but did not find, reference to any federal statute that completely or partially preempts the Plaintiffs' state law claims. Instead, it appears that the Defendants have relied solely on general "principles of constitutional law" to support their arguments.

Second, the Court finds that *Wheeling–Pittsburgh Steel Corp. v. Mitsui & Co.*, 26 F.Supp.2d 1022 (S.D.Ohio 1998), upon which the Defendants have relied in opposition to the Plaintiffs' request to remand, is inapposite to the contested issues in this case. The Defendants submit that *Wheeling* "makes clear that a constitutional provision may be the basis for removal under § 1441(b) of the Judicial Code (28 U.S.C. § 1441), just as it is an independent basis for federal question jurisdiction under 28 U.S.C. § 1331." (Resp. to Mot to Remand at 4–5.) The Court disagrees. *Wheeling*

is distinguishable from this case at bar, in that it involved an attempted regulation of international trade by the plaintiff. The *Wheeling* court stated that "[i]t is beyond dispute that the authority to regulate international trade is vested exclusively with the federal government under the express terms of the United States Constitution." *Wheeling,* 26 F.Supp.2d at 1026. In fact, the court noted that Congress had enacted two statutes which are designed to regulate this aspect of international trade: (1) the Antidumping Act, 15 U.S.C. § 72; and (2) the Trade Act of 1930, as amended, 19 U.S.C. § 1673 *et seq. Id.* at 1024. Thus, based on the comprehensive statutory scheme that has been created by Congress and the Constitution, the *Wheeling* court found that "the field of foreign trade is subject to total and complete federal preemption." *Id.* at 1028.

Unlike *Wheeling,* the Plaintiffs in this case contend that the Defendants marketed and distributed guns in a manner that would cause injury to Wayne County and to its residents. This indicates to the Court that this lawsuit is based solely on state law. The Court can find nothing within the pleadings or in the Congressional legislative history that would suggest that the Congress had any intention to preempt state law, especially in the area of firearms. In fact, under the federal firearms statute, 18 U.S.C. § 921 *et seq.,* Congress provided that "[n]o provision of this chapter shall be construed as indicating an intent on the part of the Congress to occupy the field in which such provision operates to the exclusion of the law of any State on the same subject matter, unless there is a direct and positive conflict between such provision and the law of the State so that the two cannot be reconciled or consistently stand together." 18 U.S.C. § 927.

The Defendants have characterized this case as an effort by the Plaintiffs to "regulate the lawful national (and international) industry that is before this Court by imposing upon the entire nation—or, more precisely, by trying to induce the judiciary to impose upon the entire nation—its particular regulatory views regarding these [D]efendants' sales and distribution practices." (Resp. to Mot. to Remand at 13–14.) However, even if the Defendants are correct in their contention, it neither confers subject matter jurisdiction over the contested issues in this case nor provides the Court with any basis upon which to reject the Plaintiffs' application for relief. In its review of the entire record in this cause and the applicable case law which addresses the issues in controversy, the Court is satisfied that it does not have any authority to address and resolve the issues that have been submitted by the parties.

Accordingly, for the reasons that have been set forth, the Plaintiffs' Motion to Remand is granted because this Court is without subject matter jurisdiction.

IT IS SO ORDERED.